[Civ. No. 695.    Third Appellate District.—June 20, 1910.]

## P. G. PETERSON, Appellant, v. ANNABELL McDONALD, Respondent.

DEED—CONVEYANCE OF FEE—RESERVATION—USE OF WELL WATER—RENTAL—PERSONAL COVENANT.—Where by deed the plaintiff granted the fee of land to the defendant, without restrictions, qualifications, conditions or exceptions, and containing the words, "Reserving, however, to the parties of the first part, the right to use the water from above-mentioned property for their dwelling-house adjoining said property on the north, provided that said parties of the first part shall pay to said party of the second part the sum of fifty cents per month as rental for said water so long as said first parties continue to use the same," such reservation is not a covenant running with the land, but constitutes only a personal agreement, which could not be specifically enforced.

ID.—SUIT FOR INJUNCTION—PLEADING—CAUSE OF ACTION AND JURISDICTION NOT SHOWN.—An injunction will not lie to prevent the breach of a contract which cannot be specifically enforced; and a complaint in an action upon the personal contract embodied in the reservation contained in the deed from plaintiff to defendant, and alleging the shutting off of the well water from plaintiff, and a threat to withhold the same permanently, and seeking a preliminary mandatory injunction requiring defendant to restore the water to the use of the plaintiff, and for a permanent injunction to restrain defendant from obstructing plaintiff's use of the water, states no cause of action for an injunction, and shows no jurisdiction to grant any equitable relief.

ID.—RELIEF SOUGHT REQUIRING PERSONAL SERVICES.—If a decree were framed according to the averments and prayer of the complaint, its effect would be to compel the defendant to perform personal services, which cannot be done. He would be required to keep the well in order for plaintiff's use, and to rehabilitate and repair the machinery when out of order, for that purpose, or incur the penalty of violating the injunction.

ID.—REMEDY OF PLAINTIFF LIMITED TO DAMAGES FOR BREACH OF CONTRACT.—The sole remedy for plaintiff for violation of the personal agreement is to recover damages for breach of the contract.

ID.—DAMAGES NOT RECOVERABLE IN SUPERIOR COURT—DEMURRER PROPERLY SUSTAINED.—Where the sole amount of damages stated in the complaint for the breach of the contract is in the sum of $25.50, the superior court has no jurisdiction of a separate cause of action to recover the same; and since the court had no equitable jurisdiction of the subject matter of the action, a general demurrer to the

complaint, and a special demurrer thereto for want of jurisdiction in the superior court of the subject matter of the action, were properly sustained on both grounds.

APPEAL from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, and Adam Thompson, for Appellant.

J. H. G. Weaver, for Respondent.

HART, J.—The trial court sustained a demurrer to the third amended complaint without leave to amend, and rendered and caused to be entered judgment against plaintiff and in favor of defendant for her costs.

The demurrer was both general and special, the latter challenging the court's jurisdiction of the "subject matter of said action, or of the subject of said action."

The appeal is from the judgment so rendered and entered.

The action grows out of a transfer of a certain piece of real property situated in the city of Eureka, Humboldt county, by the plaintiff to the defendant.

The complaint alleges that the plaintiff, on the thirty-first day of March, 1905, was the owner in fee of a piece or lot of land in said city of Eureka, the same being one hundred and twenty feet in length and an equal number of feet in width; that situated on said land were two dwelling-houses; that on said day he conveyed to the defendant a portion of said land, the land so conveyed being sixty feet in width by one hundred and twenty feet in length, and upon which one of said dwelling-houses was situated; that plaintiff retained the remaining portion of said land (fifty-eight feet by one hundred and twenty feet in dimensions), on which the other dwelling-house was situated, and where, with his family, he intended to and did reside after the date of the transfer of a portion of said land to defendant, and that on the land so retained by him there also resided, during some of the time mentioned in the complaint, certain tenants or parties to whom he had leased said premises. It is further alleged that on the portion of the land sold to defendant there were and had been for a long time prior to the date of the sale and execution of the conveyance

of said land to defendant, "a water well, a structure contain-ing a water tank and a windmill and pump connected there-with, used for the purpose of filling said tank with water from said well, which said water is particularly clear, pure and healthful and containing superior qualities for cooking, wash-ing and drinking; that water from said tank was at all said times used to supply both said dwelling-houses and premises upon which they were situated with water, and said strip fifty-eight feet wide off of the north part of said land (the part retained by plaintiff) was and is supplied with water from said tank by a service pipe running from said land comprising the strip sixty-two feet off the south part of said land, . . . "; that said portion of said land retained and owned by plaintiff "never has had at any time of the times herein mentioned, nor has it now, a well thereon or provided with any other means of obtaining water thereon, or supplying water for said dwell-ing-house thereon except as above set forth." It is averred that, as a part of the consideration for the sale and convey-ance to the defendant of the land on which said well is sit-uated, the plaintiff expressly reserved in the deed of convey-ance the right to use for domestic purposes, and to that end have carried to his land, by means of a pipe connected there-with, water pumped from said well; that by virtue of the terms of said reservation water pumped into the tank situated near said well and on the said premises of defendant "has been used in said dwelling-house of plaintiff when required, and he has paid for all water used by him for said dwelling-house up to March 1, 1906"; that, on said last-mentioned date, "she, said defendant, without cause or excuse, against the will of plaintiff, shut off the water from flowing in said pipe from said tank to his said dwelling-house, and ever since has, and now prevents the flow of water from her said tank to his said dwelling-house; and plaintiff is informed and believes and al-leges that defendant has threatened to keep said water shut off permanently from said dwelling-house and not to allow the use of it again therein." It is further alleged that the plaintiff, on March 2, 1906, and on March 3, 1906, tendered to defendant the sum of fifty cents as payment in advance for the use of said water for said month of March, said amount being the sum stipulated in the said reservation for which the plaintiff was to have the use of said water. Plaintiff alleges

that he "has been put to great cost, all to his great damage, in the sum of $25.00," by reason of defendant's conduct in turning the water from the pipe leading to his premises, and further declares that pecuniary compensation alone would not constitute an adequate remedy in view of the rights to which he claims to be entitled under the terms of the reservation contained in the deed executed by him to defendant.

The relief demanded by the plaintiff in the prayer of the complaint is, first, for a preliminary mandatory injunction requiring defendant to remove any obstruction to the flow of water from the tank into the pipe leading to plaintiff's dwelling-house, and secondly, for a permanent injunction compelling defendant to perpetually refrain from obstructing plaintiff's use of said water, and for the damages alleged.

The deed from plaintiff to the defendant is made a part of the complaint, and the reservation therein contained, and on which this controversy hinges, reads as follows: "Reserving, however, to the parties of the first part, the right to use the water from above-mentioned property for their dwelling-house adjoining said property on the north, provided that said parties of the first part shall pay to the said party of the second part the sum of fifty cents per month as rent for said water so long as said first parties continue to use the same."

The demurrer was properly sustained on both the grounds upon which it was urged.

Manifestly, the alleged "reservation" contained in the deed amounts only to a personal contract by the terms of which the defendant agreed to sell and furnish the plaintiff with water for use for domestic purposes, and is not, in our opinion, a contract that would be specifically enforced. There is no claim, and, obviously, none could be successfully maintained that, so far as the use of the water is concerned, the "reservation" is a covenant running with the land. There is nothing in its language which even remotely indicates that it was intended to bind the land. The plaintiff granted to the defendant the fee without restrictions, qualifications, conditions or exceptions; and, as stated, the alleged reservation constitutes only a personal agreement between the parties which could just as well have been evidenced by some writing *de hors* and independent of the deed.

The allegations of the complaint as well as the prayer call for a restoration of the flow of the water from the tank into the pipe, thence to plaintiff's premises, and for a decree permanently enjoining defendant from obstructing the flow of said water through said pipe. Thus, necessarily, the defendant would not only be required to perpetually maintain the well and the pump and the other apparatus used for pumping the water, but would be compelled to keep the same in such order as to cause water from the well to be pumped into the tank and thus supply the plaintiff, so far as the plant maintained intact could do so, with water necessary for his purposes as contemplated by the "reservation." The effect of the decree, if framed in accordance with the tenor of the averments and prayer of the complaint, would, in other words, be to compel the performance of personal services, which cannot be done. (Civ. Code, sec. 3390.) If, for example, the pumping machinery should be destroyed or in any manner become impaired so that it could not pump water into the tank, the defendant would be required to rehabilitate or repair the machinery so that she could furnish plaintiff with water or otherwise incur the penalty consequent upon a violation of the injunction.

Of course, it is well understood that injunction will not lie to prevent the breach of a contract which would not be specifically enforced.

Plaintiff had available to him adequate compensatory relief. It may be that the complaint sufficiently states a cause of action for damages for a breach of the contract to stand against the attack of a general demurrer, and if so, and had the damages claimed and alleged been such in amount as to give the superior court jurisdiction of the action, the demurrer should and would perhaps have been overruled. But the sum in which the plaintiff alleges that he has suffered damage by the act of the defendant does not, obviously, amount to enough to invest the court with jurisdiction of the action.

Judgment affirmed.

Chipman, P. J., and Burnett, J., concurred.